MEMORANDUM *
William Jensen Cottrell appeals his conviction and 100-month sentence for arson in violation of 18 U.S.C. § 844(1) and conspiracy to commit arson in violation of 18 U.S.C. § 844(n). We affirm.
In considering Cottrell’s challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. United States v. Daychild, 357 F.3d 1082, 1096 & n. 22 (9th Cir.2004). There was sufficient evidence for the jury to find Cottrell guilty beyond *981 a reasonable doubt. Evidence established that Cottrell obtained maps to the car dealerships and used his car to transport the group throughout the night. Cottrell was at the gas station with the others when bottles were filled with gasoline. He acknowledged actively participating in the spray-painting vandalism. He was present when the first SUV was set on fire with a Molotov cocktail and remained with the group thereafter. He was continuously present throughout the vandalism of the car dealerships, including the last dealership where eight SUVs were set on fire with Molotov cocktails. Witnesses testified that Cottrell described his involvement to them afterwards in ways that appeared to take credit for the attacks. Cottrell sent several emails to a newspaper claiming responsibility for the attacks. In the face of this substantial evidence of his involvement, the jury’s guilty verdict was clearly based on sufficient evidence.
The district court did not abuse its discretion in excluding the proposed expert testimony regarding Asperger’s Syndrome. A conspirator may be held liable for a crime committed by another co-conspirator, provided that the acts making up the crime were reasonably foreseeable and were carried out in furtherance of the conspiracy, even though the conspirator did not participate in the actual commission. Pinkerton v. United States, 328 U.S. 640, 645-48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). On the issue of foreseeability, the law requires the application of an objective standard. United States v. Montgomery, 150 F.3d 983, 998-99 (9th Cir.1998). Under an aiding and abetting theory, a defendant may be liable for a crime committed by another even if he was not aware of every detail of the impending crime and did not personally participate in it. United States v. Smith, 832 F.2d 1167, 1170 (9th Cir.1987). The evidence must merely establish that the defendant “ ‘associate^!] himself with the venture, that he participate^] in it as something he wish[ed] to bring about, and that he [sought] by his action to make it succeed.’ ” Id., quoting Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949). Absent a gross and verifiable disability with stark tangible factors such as blindness or deafness, there is generally an “unwillingness to vary legal norms with the individual’s capacity to meet the standards they prescribe.” United States v. Johnson, 956 F.2d 894, 898 (9th Cir.1992) (citation and internal quotation marks omitted).
The evidence proposed' by Cottrell did not speak to that objective standard. Whether Cottrell personally believed that his companions would not set any more fires after the first one — and thus failed to foresee that his companions might set fire to the SUVs at the dealership — was not the relevant question. A defendant’s gullibility does not excuse his criminal liability if it does not rise to a mental defense or capacity issue. Cottrell did not allege As-perger’s affected his ability to understand the nature of his actions or the actions of his co-conspirators. The district court, therefore, did not abuse its discretion when it excluded the proposed expert testimony on the grounds that it was not relevant to the elements of the crimes and did not relate to any issues at trial.
Finally, the district court properly applied the now-advisory sentencing guidelines to the facts of the case and did not impose an unreasonable sentence. The court’s finding that Cottrell’s criminal acts were intended to intimidate or coerce the public, supporting the upward adjustment in offense level pursuant to U.S.S.G. § 3A1.4, Note 4, was not clearly erroneous. The resulting Guidelines range, for Level 29 offenses, was 87 to 108 months, which encompassed the 100 month sentence Cottrell ultimately received. In im *982 posing this sentence, the court also considered the section 3553(a) factors. Whether we might have imposed a different sentence is not the question; here, the district court’s sentence was not unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.